HOLMES, Judge.
This case involves the involuntary commitment of a child to the Alabama Department of Mental Health.
In February 1988 the Department of Human Resources of Mobile County (DHR) was awarded custody of the child. A petition requesting the involuntary commitment of the child was filed, but later withdrawn due to the availability of the child’s stepmother’s medical insurance allowing placement of the child in a private hospital. When the stepmother’s insurance would no longer cover the private hospital placement, DHR filed a second petition, requesting involuntary commitment on April 18, 1988.
The child was present at the hearing, represented by her guardian ad litem, a licensed, practicing attorney, and the petition was presented and her rights were explained. The parties agreed to combine the hearing for probable cause and the hearing on the merits since the child had just previously been hospitalized and evaluated by private psychiatrists and further evaluation after a probable cause hearing, prior to a hearing on the merits, was not in the child’s best interests.
Following the hearing, the trial judge issued an order, committing the child to the Alabama Department of Mental Health.
The child, through able counsel, contends on appeal that there was insufficient evidence to involuntarily commit the child and that the trial court erred in applying the wrong standard of proof to the hearing.
Section 12 — 15—90(i), Ala. Code (1975) (1986 Repl.Vol.), sets out the prerequisites for the involuntary commitment of a minor or child.
“(i) At the final hearing upon a petition seeking to commit a minor or child to the custody of the department of mental health and mental retardation on the basis that he is mentally ill, the court may grant the petition if substantial evidence proves that:
“(1) The minor or child sought to be committed is mentally ill; and
“(2) As a consequence of the mental illness, the minor or child poses a real and present threat of substantial harm to himself or to others; and
“(3) The threat of substantial harm has been evidenced by a recent overt act; and
“(4) Treatment is available for the minor’s or child’s mental illness or that confinement is necessary to prevent the minor or child from causing substantial harm to himself or to others; and
“(5) Commitment is the least restricting alternative necessary and available for treatment of the minor’s or child’s illness. Upon such findings, the court shall enter an order setting forth the findings and may order the person committed to the custody of the state department of mental health and mental retardation.”
The dispositive issue on appeal is whether substantial evidence was presented to justify the granting of the petition to involuntarily commit the child to the custody of the Department of Mental Health. The issue is not what might be the best facility to treat the child.
The evidence presented at the hearing consisted of testimony from the treating psychiatrist, the community coordinator *317 from Turning Point (an adolescent center), a DHR social worker, and the child.
The psychiatrist, Dr. George B. Davis of Charter Hospital of Mobile, testified that the child suffers from a mental disease, known as a “conversion disorder,” and that the child is “histrionic and depressed.” As a direct result of the conversion disorder, the child is prone to repeated, uncontrollable vomiting that causes dangerously low potassium levels — a life-threatening situation. He further testified that the child requires additional in-patient therapy to adequately treat the mental disease and that commitment is the least restrictive type of treatment available. The testimony of the community coordinator of the Turning Point facility revealed that the child had physically attacked a staff member. Furthermore, in the child’s own direct testimony the child admitted hitting and biting the staff member. Clearly, the record demonstrates that the statutory requirements have been met. See Alabama Department of Mental Health & Mental Retardation v. Andres, 515 So.2d 9 (Ala.Civ.[App.1987).
The child next contends that the trial court erred by applying the wrong standard of proof to the proceedings. We note, particularly in reference to the above, that this is simply incorrect. The trial court’s order was originally written stating that there was “probable cause to believe [the child] was mentally ill.” (Emphasis supplied.) This order was subsequently changed on a “Motion to Correct” filed by the DHR. The new order stated that “there was substantial, clear, unequivocal and convincing evidence that [the child] was mentally ill....” (Emphasis supplied.)
In view of the above, this case is due to be, and it is, affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.