SILBERMAN, Judge.
The Department of Children and Family Services appeals an order denying its motion to place J.W., a dependent child, into a residential mental health treatment facility.[1] The trial court denied the motion after concluding that the Department had not established by clear and convincing evidence that residential treatment was the least restrictive means of treating J.W. We reverse and remand for a new hearing on the Department’s motion.
The Department filed a motion pursuant to Florida Rule of Juvenile Procedure 8.350 seeking to place J.W. into a residential mental health treatment facility. On August 8, 2003, following an emergency hearing, the trial court granted the Department’s motion and ordered that J.W. be transported to a residential treatment facility and that he reside there pending further court order. Because the order was entered on an emergency basis, the trial court scheduled another hearing to consider J.W.’s continuing treatment requirements.
On November 7, 2003, following an evi-dentiary hearing, the trial court entered an order stating that the Department’s burden had been “to prove, by a preponderance of the evidence, that residential treatment in what is, in effect, a lock down facility, is required. It is also incumbent upon them to demonstrate why less restrictive alternatives are not appropriate for a child.” (Emphasis added.) The court concluded that the Department failed to carry its burden, and it ordered that the Department place J.W. “in the least restrictive setting that is best suited to meet his needs.”
On November 21, 2003, the trial court conducted another evidentiary hearing on the Department’s motion to place J.W. into a residential treatment facility. Three days later, the judge entered the order now on appeal, denying the Department’s *339 motion. The trial court stated that the Department had not met its “burden of proof of ‘clear and convincing evidence.’ ” The court further stated that had the burden of proof been the preponderance of the evidence standard, then based on the evidence presented it would have concluded that residential treatment would be appropriate. In discussing the burden of proof, the trial court stated the following:
In light of the fact that a Residential Treatment Facility is .a restriction, on civil liberties and deals with a fundamental right to liberty, the Court believes that it should apply a burden of proof of “clear and convincing evidence.” While Florida Rule of Juvenile Procedure 8.350 is silent as to the burden of proof to be applied, this Court has reviewed both the Baker Act (Florida Statutes § 394.451) and what has been called the “Jimmy Ryce Act,” (Florida Statutes § 394.910). Each of these statutes deal with involuntary placement and each of the Acts require findings by clear and convincing evidence. See, Florida Statutes § 394.467(1) and Florida Statutes § 394.917(1).
The Department raises two issues. First, it argues that the trial court erred by requiring the Department to prove its case by clear and convincing evidence. Second, it argues that even if the trial court correctly determined that the Department had to meet the clear and convincing evidence standard applied, the trial court improperly imposed this higher standard without advance notice, after the completion of the evidentiary hearing,.and in direct contravention of the court’s earlier ruling that the applicable standard was the preponderance of the evidence. We conclude that the clear and convincing evidence standard is the correct standard. However, we agree that the trial court erred by applying this standard after completion of the evidentiary hearing and without prior notice to the parties that it had determined that the higher standard applied instead- of the previously announced standard.
The parties have not cited any controlling authority that specifically sets forth the Department’s burden of proof for placing and maintaining a dependent child in a residential treatment facility. Section 39.407, Florida Statutes (2003), and rule 8.350 govern the provision- of medical or mental health treatment to ,a child in the custody of the State, including placement in .a residential treatment facility, but neither the statute nor the rule address the burden of proof.
The trial court noted that in Florida’s Baker Act proceedings, which involve the involuntary placement of persons for treatment for mental illness, the clear and' convincing evidence standard applies. See § 394.467(1), Fla. Stat. (2003). Similarly, the trial court observed that in proceedings for the commitment of persons who are determined to be sexually violent predators, the clear and convincing evidence standard also applies. See § 394.917(1). Upon the appropriate findings being made, a sexually violent predator is to be committed “for control, care, and treatment until such time as the person’s mental abnormality or personality disorder has so changed that it is safe for the person to be at large.” § 394.917(2).
The Florida Supreme Court has determined that an evidentiary hearing that complies with the Baker Act’s substantive and procedural requirements is not required prior to a court ordering that a dependent child in the Department’s temporary legal custody be placed in a residential mental health facility. M.W. v. Davis, 756 So.2d 90, 92 (Fla.2000). However, the supreme court acknowledged the United States Supreme Court decision in *340 Parham v. J.R., 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979), which “explored the nature and extent of a child’s rights when the child is committed to a state mental hospital.” M.W., 756 So.2d at 97. In Parham the Supreme Court stated, “It is not disputed that a child, in common with adults, has a substantial liberty interest in not being confined unnecessarily for medical treatment .... ” 442 U.S. at 600, 99 S.Ct. 2493.
In M.W., the Florida Supreme Court noted that neither chapter 39 of the Florida Statutes nor the court’s own procedural rules adequately address several issues, including what standard of proof should apply before a court orders the placement of a child in a residential psychiatric facility. 756 So.2d at 106-07. The court directed that the Juvenile Court Rules Committee submit “proposed rules that will set forth the procedures to be followed when the Department of Children and Families seeks an order committing a dependent child to a residential facility for mental health treatment.” Id. at 109.
The supreme court urged the Committee to look at proposed rules that had been filed, along with the rules of other states, particularly those of New Jersey, and it cited the New Jersey Supreme Court’s decision in In re N.N., 146 N.J. 112, 679 A.2d 1174 (1996). In N.N., the court held “that the involuntary commitment of a minor who is mentally ill and found to be in need of intensive institutional psychiatric therapy may not be undertaken without a finding based on dear and convincing evidence that the minor without such care is a danger to others or self.” Id. at 1184 (emphasis added); see also Heathco v. State Dep’t of Human Resources, 534 So.2d 315, 317 (Ala.Civ. App.1988) (rejecting an argument that the trial court applied the wrong standard of proof in a proceeding for the involuntary commitment of a child for mental health treatment after the trial court found that “substantial, clear, unequivocal and convincing evidence” established that the child was mentally ill).
Nearly three years after M.W. was decided, the supreme court adopted rule 8.350. See Amendment to the Rules of Juvenile Procedure, 842 So.2d 763 (Fla. 2003). Although the rule addresses the procedures that apply to the placement of a dependent child into a residential treatment center or hospital, it does not state what standard of proof must be met in order for a court to order residential treatment or hospitalization.
Based on the substantial liberty interest that a child has in not being confined unnecessarily for medical treatment, as discussed in Parham and M.W., and in light of the fact that other civil commitment proceedings for mental health treatment require that the evidence supporting commitment be clear and convincing, we hold that the proper standard of proof in proceedings for the involuntary commitment of a dependent child to a residential mental health treatment facility is clear and convincing evidence. Accordingly, we conclude that the trial court did not err in requiring the Department to establish by clear and convincing evidence that the involuntary placement of J.W. into a residential treatment facility was appropriate.
Although the trial court ultimately applied the correct standard of proof, we conclude that the Department is entitled to a new hearing on its motion.[2] As discussed previously, the trial court applied the clear and convincing evidence standard after it had entered its earlier order stat *341 ing that the Department’s burden was to meet the preponderance of the evidence standard. Because the trial court applied the higher standard without notice and without giving the Department the opportunity to present additional evidence to meet that standard, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND, C.J., and KELLY, J., Concur.

. Although the Department sought certiorari review, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.146(b) to review this matter as a direct appeal.

. We recognize that due to his age, J.W. may no longer be in the legal custody of the State or subject to further dependency proceedings by the time any further hearing might be held.